IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDDIE RAY WALKER, SR.
ADC #085939                                                                                    PLAINTIFF

V.                                    5:04CV00300 SWW/JTR

GALEN LAY, Warden, Cummins
Unit, Arkansas Department of Correction, et al.                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), alleges in this § 1983 action that Defendants violated his due process rights when they imposed excessive punishment for a disciplinary infraction. *See* docket entries #2 and #4. Defendants have filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed a Response. *See* docket entries #9, #10, and #13. For the reasons set forth herein, the Court recommends that Defendants' Motion be granted and that this case be dismissed, with prejudice.

## II. Background

On November 19, 2003, Plaintiff was convicted of a disciplinary infraction for sexually threatening another inmate. *See* docket entry #4, attachment. As punishment, Plaintiff was sentenced to thirty days in punitive isolation and reduced to class IV. *Id.* During the final appeal,

the ADC Director modified Plaintiff's punishment to fifteen days in punitive isolation and a reduction to class III. *Id.* However, by the time the ADC Director rendered his decision, Plaintiff had already served a full thirty days in punitive isolation.

In his Complaint, Plaintiff alleges that his due process rights were violated because the punishment for the November 19, 2003 disciplinary infraction was excessive and in violation of ADC regulations. *See* docket entries #2 and #4. By way of relief, Plaintiff requests: (a) restoration of the good time credits that he would have earned if he had been properly classified as a class III inmate; and (b) $1,500 in damages for the extra fifteen days he spent in punitive isolation. *Id.*

In their Motion to Dismiss,[1] Defendants argue that this case should be dismissed because: (1) Plaintiff failed to properly exhaust his administrative remedies; (2) Plaintiff has failed to state a viable § 1983 claim for relief; (3) Defendants are entitled to sovereign immunity; and (4) Defendants are not "persons" amenable to suit in a § 1983 action because they were sued in their official capacities. *See* docket entries #9 and #10. The Court will address each of these arguments separately.

---

[1] In evaluating the Motion to Dismiss, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Discussion

A.  **Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 5165 (2002). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully exhaust their administrative remedies as to each separate claim raised in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). To fully exhaust administrative remedies in regard to a disciplinary conviction, an ADC inmate must: (1) appeal the disciplinary conviction to the Unit Warden; (2) appeal an unfavorable decision from the Unit Warden to the ADC Disciplinary Hearing Administrator; and (3) appeal an unfavorable decision for the ADC Disciplinary Hearing Administrator to the ADC Director. *See* ADC Adm. Reg. 831 § VI(H) (May 18, 1990).

At the Court's direction, Plaintiff has provided the following proof of exhaustion:

1. On November 25, 2003, Plaintiff sent the Cummins Unit Warden a handwritten letter challenging the punishment he received as a result of his November 19, 2003 disciplinary conviction.

2. On December 8, 2003, the Warden's office returned the letter to Plaintiff because the appeal was not on the proper form and did not contain the

necessary documentation. It appears that Plaintiff did not subsequently send the Warden the proper form or the requested documents.

3. On December 10, 2003, an ADC Disciplinary Hearing Administrator wrote Plaintiff a letter acknowledging that he had received Plaintiff's November 26, 2003 appeal.[2] The ADC Administrator then affirmed the disciplinary decision on the merits.

4. On December 22, 2003, the ADC Director wrote Plaintiff a letter acknowledging that his appeal had merit and, importantly, reducing Plaintiff's punishment to class III and 15 days of punitive isolation.

*See* docket entry #4, attachments.

According to Defendants, Plaintiff did not properly exhaust his administrative remedies because he skipped the first step of the exhaustion process, which required him to file a proper appeal with the Cummins Unit Warden. *See* docket entries #9 and #10. In *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002), a prisoner's § 1983 action was dismissed due to the prisoner's failure to properly exhaust his administrative remedies. *Id.* In support of its decision, the trial court noted that "the grievances were returned without [a] decision on the merits because [the prisoner] failed to follow grievance procedure"[3] and, thus, "the grievance did not receive substantive review by the prison authorities." *Id.* The Eighth Circuit affirmed that ruling on appeal. *Id.*

As in *Jones*, the Warden of the Cummins Unit did not have the opportunity to address the

---

[2] Apparently, Plaintiff simultaneously filed appeals to the Cummins Unit Warden and the ADC Disciplinary Hearing Administrator.

[3] The opinion does not clarify what grievance procedure the inmate failed to follow. *Id.*

merits because Plaintiff failed to file a proper appeal and provide the necessary documentation. However, the Disciplinary Hearing Administrator and the ADC Director addressed the substance of Plaintiff's allegations. In fact, the ADC Director found that Plaintiff's appeal had merit and that he was entitled to a modification of his punishment. Thus, unlike the *Jones* case, Plaintiff obtained a final substantive administrative ruling on the merits of his disciplinary appeal. Thus, the Court concludes that Plaintiff properly and fully exhausted his administrative remedies.

**B.      Failure to State a Viable § 1983 Claim**

In *Wycoff v. Nichols*, 94 F.3d 1187, 1188 (8th Cir. 1996), an inmate lost 90 days of good time credits and was ordered to spend 90 days in punitive isolation as punishment for a disciplinary infraction. *Id.* at 1188. The prisoner's disciplinary conviction was subsequently reversed on administrative appeal and his good time credits were restored. *Id.* However, the prisoner had already served 45 days in isolation at the time of the reversal. *Id.* Accordingly, as in this case, the prisoner filed a § 1983 action seeking damages for the time he wrongly spent in punitive isolation. *Id.* On appeal, the Eighth Circuit held that the prisoner failed to state a viable § 1983 claim because: (1) any due process violations that occurred during the disciplinary process were cured by the reversal of the inmate's disciplinary conviction; and (2) pursuant to *Sandin v. O'Conner*, 515 U.S. 472 (1995),[4] the inmate did not have a compensable due process/liberty interest in the forty-five days

---

[4] In *Sandin*, the Supreme Court explained that the liberty interests of inmates are legitimately curtailed as a result of their criminal convictions. *Sandin v. O'Conner*, 515 U.S. 472 (1995). Thus, the Court held that an inmate has a liberty interest at stake, and thus a right to due process, only when the disciplinary conviction results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id; see also Phillips,* 320 F.3d at 847-48 (8th Cir. 2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days

that he erroneously spent in punitive isolation. *Id.* at 1189-1190; *see also Ragan v. Lynch,* 113 F.3d 875, 877 (8th Cir. 1997); *Prince v. Thompson*, Case No. 95-3458, 1996 WL 960140 (8th Cir. Dec. 3, 1996) (unpublished opinion) (holding that the administrative reversal of a prison disciplinary sanction cures any earlier due process violations, other than the permanent loss of good time credits).

Thus, pursuant to the Court's holding in *Wycoff*, Plaintiff has failed to state a viable § 1983 due process claim for <u>damages</u> arising from the fifteen days he wrongfully spent in punitive isolation. However, unlike the *Wycoff* case, Plaintiff also seeks restoration of the <u>good time credits</u> he would have earned if he had been properly classified as a class III inmate.

In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court clarified that (unlike punitive isolation) a state prisoner has a due process liberty interest in good time credits. However, because good time credits affect the length of a prisoner's sentence, the Court held that a prisoner must pursue the return of his good time credits in a <u>federal habeas action</u> (which requires the exhaustion of state court remedies prior to bringing suit in federal court) and <u>not</u> a § 1983 action. *Id.; see also* 28 U.S.C. § 2254(b) (providing that: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State).

Thus, according to *Preiser*, Plaintiff is barred from seeking the restoration of good time credits in a § 1983 action. Instead, he must: (1) file an appropriate action in the state trial court; (2) appeal any adverse ruling to the highest state appellate court; and (3) challenge an unfavorable ruling from the highest state appellate court by filing a § 2254 habeas action in federal court.

---

in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship under *Sandin*).

### C. Sovereign Immunity and § 1983's "Person" Requirement

In light of the Court's conclusion that Plaintiff has failed to state a viable §1983 claim, there is no need to address Defendants' remaining two arguments for dismissal.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (docket entry #9) be GRANTED and that the entire case be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[5]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[6] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of July, 2005.

UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[6] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."